**Shirley Ann SMITH, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General; United States Postal Service; Gayle Nicholson, Postmaster, U.S. Postal Service, Mississippi District; John Does, U.S. Postal Services; Eugenia M. Chisolm; Reba B. Spell; Dunn Lampton, Defendants–Appellees.**

No. 05–60408.

United States Court of Appeals, Fifth Circuit.

May 25, 2006.

Shirley Ann Smith, Jackson, MS, pro se.

Christopher John Burton, Washington, DC, Mitzi Dease Paige, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Mississippi, Jackson, MS, for Defendants–Appellees.

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM: *

In 2002, Appellant Shirley Ann Smith filed an action pro se against the United States Postal Service and various other defendants ("the Postal Service"), asserting claims for discrimination, retaliation,

and other wrongful employment practices under ten different bodies of law and/or legal theories. In July 2004, the district court dismissed Smith's claim under US-ERRA for lack of jurisdiction. Thereafter, the Postal Service moved for summary judgment on all remaining claims. Smith's response to the summary judgment only addressed four theories of recovery: Title VII of the Civil Rights Act of 1964, the Veterans Preference Act, the Rehabilitation Act of 1973, and retaliation. The district court held that Smith had abandoned the claims she had failed to address, and granted the Postal Service's motion for summary judgment on the four remaining claims. Smith now appeals the district court's grant of summary judgment to the Postal Service.

Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing and arguments, we find no reversible error in the district court's findings of fact and conclusions of law. We therefore AFFIRM the final judgment of the district court essentially for the reasons stated in its Opinion and Order.

**AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.